# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**ARTIE ANN ORTEGA**,

    Plaintiff,

vs.                                                            No.    **CIV 01-0439 MCA/DJS**

**CITY OF ALBUQUERQUE**,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on Defendant City of Albuquerque's Motion for Summary Judgment [Doc. No. 25] filed on April 25, 2002. Having considered the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court finds grounds for granting Defendant's motion as explained below.

### I.     BACKGROUND

For purposes of Defendant's motion, the following factual allegations in Plaintiff's complaint are undisputed. Plaintiff Artie Ann Ortega was incarcerated in the Bernalillo County Detention Center (BCDC) from November 12, 1999 to November 29, 1999. Plaintiff volunteered for kitchen duty on November 28, 1999. While working in the kitchen on that date, Plaintiff dropped a ten-gallon bucket, causing hot water to splash onto her foot. The hot water injured her foot.

Plaintiff's Complaint to Recover Personal Injury Damages was filed in the Second Judicial District Court of the State of New Mexico on February 2, 2001, and was removed to this Court on April 20, 2001. At no time prior to service of the complaint did the City of Albuquerque receive written notice by Plaintiff, or anyone acting on her behalf, concerning the alleged incident that occurred at BCDC on November 28, 1999. On April 20, 2001, BCDC's food-service manager issued a memorandum to all food-service staff stating that: "Effective immediately no hot water should be carried from the kettles for tray washing. This practice has contributed to a number of injuries in the past and needs to stop."

Plaintiff's complaint asserted claims against Bud Ball and the City of Albuquerque for battery, negligence, and deprivation of due process under the Fourteenth Amendment to the United States Constitution. By Order dated March 14, 2002, the Court granted Bud Ball's unopposed Motion for Summary Judgment, and he was dismissed from the case. In that Order, Mr. Ball's allegations that he "was not at work but was out ill" on November 28, 1999, and that "he could not have caused the injury complained of in this lawsuit" for that reason were deemed admitted.

## II.  ANALYSIS

Summary judgment under Fed. R. Civ. P. 56(c) "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When a motion for summary judgment is made and supported as provided in this rule, an adverse

party may not rest upon the mere allegations or denials of the adverse party's pleading. . . ." Fed. R. Civ. P. 56(e). Rather, "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Id. Judgment is appropriate "as a matter of law" if the nonmoving party has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Lopez v. LeMaster, 172 F.3d 756, 759 (10th Cir. 1999).

It is not the Court's role, however, to weigh the evidence, assess the credibility of witnesses, or make factual findings in ruling on a motion for summary judgment. Rather, the Court assumes the evidence of the non-moving party to be true, resolves all doubts against the moving party, construes all evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor. See Hunt v. Cromartie, 526 U.S. 541, 551-52 (1999); Lopez, 172 F.3d at 759.

Defendant City of Albuquerque's motion asserts that Plaintiff cannot establish a *prima facie* case against the City of Albuquerque regarding her claims for battery and negligence because she did not comply with the notice provisions of New Mexico's Tort Claims Act, N.M. Stat. Ann. § 41-4-16 (Michie 1978 & Supp. 1996); see Dutton v. McKinley County Bd. of Comm'rs, 113 N.M. 51, 52-53, 822 P.2d 1134, 1135-36 (Ct. App. 1991). Defendant's motion includes an affidavit to support the assertion that timely notice did not occur in this case, and Plaintiff's response does not present any evidence or assertion to the contrary. Therefore, Defendant City of Albuquerque is entitled to summary judgment

on Plaintiff's state law claims for battery and negligence. See Dutton, 113 N.M. at 52-53, 822 P.2d at 1135-36.

Defendant's motion also asserts that Plaintiff's federal constitutional claim for deprivation of due process cannot survive the strict limitations that the United States Supreme Court has placed on municipal liability under 42 U.S.C. § 1983. See generally Bd. of County Comm'rs v. Brown, 520 U.S. 397 (1997); City of Canton v. Harris, 489 U.S. 378 (1989); Monell v. Dep't of Social Servs., 436 U.S. 658 (1978). In particular, Defendant claims that Plaintiff has failed to present evidence to show that a municipal policy or custom was the moving force behind her alleged injury, that official action was taken with the requisite degree of culpability, or that there is a direct causal link between the official action and the deprivation of her federal constitutional rights. See Bd. of County Comm'rs, 520 U.S. at 404; City of Canton, 489 U.S. at 388-91; Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996).

In response to Defendant's motion, Plaintiff attempts to recharacterize her federal constitutional claim as an Eighth Amendment claim, alleging a knowing disregard of an excessive risk to an inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff also asserts that the method of washing dishes at BCDC, which allegedly required prisoners to carry ten-pound buckets filled with hot water, was a municipal custom and that Defendant was aware of the risks associated with this custom yet continued to enforce it.

The only evidence that Plaintiff identifies to support her federal constitutional claim is a BCDC memorandum dated April 20, 2001, which states, in relevant part, that the practice of carrying hot water from the kettles for tray washing contributed to a number of injuries in the past. The Court infers from this memorandum that someone with the requisite authority over BCDC's food-service operations was aware of this fact on or about April 20, 2001, after Plaintiff's complaint had been filed and removed to this Court.

Nevertheless, Defendant is still entitled to summary judgment on Plaintiff's federal constitutional claim. Inasmuch as Plaintiff challenges the episodic act or omission of the jail employee who allegedly instructed her to carry the bucket of hot water, her claim is seriously undermined by her failure to correctly identify the jail employee in question, or present any evidence that ties her injury to any deficiencies in the training or supervision of that employee. See Lopez, 172 F.3d at 760; Jenkins, 81 F.3d at 994. As stated in the Court's prior order granting summary judgment in favor of Mr. Ball, it has been deemed admitted in this case that Mr. Ball was not at work on the date on which Plaintiff alleges she was injured. Thus, there is no evidence in the record to identify who, if anyone, instructed Plaintiff to carry the bucket of hot water in the manner that allegedly resulted in the injury to her foot.

Inasmuch as Plaintiff alleges that dishwashing practices at BCDC constituted a constitutionally inadequate condition at BCDC which may have prevented jail employees from acting in a safer manner, her claim fails to survive Defendant's summary-judgment motion because she has not presented any evidence to show that jail officials with the

requisite degree of authority exhibited deliberate indifference to the inmates' plight as of the date of Plaintiff's alleged injury. See Farmer, 511 U.S. at 837 (defining "deliberate indifference" in Eighth Amendment context); City of Canton, 489 U.S. at 388-89 (defining "deliberate indifference" in context of municipal liability under 42 U.S.C. § 1983). In contrast to the wealth of evidence presented in Lopez, 172 F.3d at 761-63, Plaintiff's only evidence is the BCDC's memorandum dated April 20, 2001, which does not support a reasonable inference that, on the date Plaintiff was injured approximately sixteen months earlier, someone with the requisite policymaking authority was aware of the alleged risk posed by this particular practice and knowingly disregarded such a risk. On the contrary, the BCDC's memorandum indicates that BCDC's food-service manager took action to correct the problem by instructing the food-service staff that: "Effective immediately no hot water should be carried from the kettles for tray washing." Such corrective action does not show deliberate indifference.

Acknowledging the lack of evidence to support her claim, Plaintiff falls back on the assertion that summary judgment is premature because the production of additional evidence can be anticipated. The Court finds this argument particularly unpersuasive given that the deadlines for completing discovery and filing dispositive motions in this case have passed and the case is now set for trial. Accordingly, the Court concludes that Defendant City of Albuquerque is entitled to summary judgment as to all of Plaintiff's claims.

## III. CONCLUSION

Based upon the undisputed facts, the Court concludes that Defendant is entitled to judgment as a matter of law because Plaintiff has failed to establish a necessary element of each of her claims.

**IT IS, THEREFORE, ORDERED** that Defendant City of Albuquerque's Motion for Summary Judgment be and hereby is **GRANTED**.

**SO ORDERED**, this 16th day of August, 2002, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge